UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **VININGS INSURANCE COMPANY** § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 5:16-cv-00445-DAE |
| § | |
| **TODD HUGHES, and PASADERA** § | |
| **BUILDERS, LP,** § | |
| Defendants. § | |

## VININGS INSURANCE COMPANY'S OPPOSED EXPEDITED MOTION TO COMPEL PASADERA BUILDERS, LP TO ATTEND AGREED MEDIATION

TO THE HONORABLE DAVID A. EZRA, U.S. DISTRICT JUDGE:

Plaintiff, Vinings Insurance Company (Vinings), moves the Court for an Order compelling Pasadera Builders, LP to attend a mediation, already agreed to by Vinings and Todd Hughes, prior to August 15, 2016, and respectfully shows the Court as follows:

## I.
## INTRODUCTION

Vinings's insured, Pasadera Builders, LP (Pasadera), continues wrongfully to prevent Vinings from fulfilling its obligations under the insurance policy to provide a defense to Pasadera in an underlying arbitration against it by home-purchaser, Todd Hughes. Vinings has offered Pasadera a choice of three different, independent attorneys to represent Pasadera, but Pasadera's personal counsel continues wrongly to claim that Vinings's reservation of rights creates a conflict that disqualifies Vinings from appointing defense counsel as is its right under the insurance policy, and meanwhile continues to run up hundreds of thousands of dollars in attorneys' fees that Pasadera will claim are owed by Vinings.[1]  Vinings and Todd Hughes have agreed to mediate the

---

[1] Pasadera incurred almost $200,000 in pre-suit attorneys' fees and expenses which it also claims are owed by Vinings. Because Vinings's defense obligation does not include pre-suit defense or attorneys' fees, Vinings has not paid the

**EXPEDITED MOTION TO COMPEL PASADERA**
**BUILDERS TO ATTEND AGREED MEDIATION**                                                                 Page 1

dispute between Todd Hughes and Pasadera. Continuing its obstruction, Pasadera refuses to attend and participate in the mediation. The Court should order Pasadera to attend and participate in the mediation.

## II.
## FACTUAL BACKGROUND

Vinings insured homebuilder Pasadera, which Todd Hughes hired to construct his home. Pasadera did not perform as Mr. Hughes wanted, and he sued Pasadera in state court for alleged construction defects. Pasadera made a claim on its Vinings policies for defense and indemnity of the state court action filed by Mr. Hughes, which was later compelled to arbitration. Pursuant to its contractual and legal right to select defense counsel, Vinings retained the first of three highly qualified, independent defense firms to defend Pasadera on December 3, 2015, one day after receipt of the lawsuit pleading. That same day, a representative of Pasadera verbally stated to Vinings that there was <u>no objection</u> to the appointed independent defense firm. After appropriately investigating the claims against Pasadera, Vinings issued a reservation of rights in which it reserved the right to deny indemnity coverage based upon various terms of the policies. None of the coverage defenses contradict any liability defense that would be asserted.

After receiving Vinings's reservation of rights letter, Pasadera, through its personal counsel, wrongly asserted that the letter created a material conflict that entitled Pasadera to select its own counsel at Vinings's expense. Pasadera sought to require Vinings to pay its personal counsel at rates much higher than those customarily paid by Vinings, and reimburse a six figure sum for past defense fees incurred by personal counsel. To date, Pasadera has failed to identify any specific coverage issue that will be ruled upon in the arbitration despite possessing the burden

---

pre-suit fees. These pre-suit fees likely exceed the value of the disputed claim. Pasadera has also tendered additional invoices from December 2015 through March 2016 approximating an additional $75,000 in attorneys' fees.

to do so. In fact, there is and would be no liability defense advanced that would prove a coverage exclusion, and no way that chosen counsel could manipulate the facts in or out of coverage. If Pasadera's assertion that Vinings's reservation of rights creates a conflict is true, no insurer would ever be permitted to issue a reservation of rights. Pasadera's is simply an incorrect interpretation of the law.

After Pasadera asserted the existence of a conflict, Vinings offered <u>two other independent defense firms</u> for Pasadera to choose from. Pasadera's personal counsel refused to transfer defense of the matter to any of the three separate independent defense counsel firms offered to defend Pasadera. Because of Pasadera's refusal to cooperate, Vinings has been extremely prejudiced over the course of the last eight months. Vinings has been completely shut out of any involvement in the arbitration despite Pasadera submitting exorbitant defense bills from its personal counsel for payment – bills so exorbitant that defense fees billed to date likely equal or exceed the amount in dispute. Fees incurred pre-suit likely eclipse the entire repair value sought by Mr. Hughes. The insured has thus far wrongly barred Vinings from any involvement in the case despite its contractual right to defend its insured.

The underlying arbitration is set to begin on August 15, 2016. Despite Pasadera continually indicating its expectation that Vinings will satisfy any judgment obtained by Mr. Hughes, it has completely barred Vinings from any meaningful participation in its defense or evaluation. Vinings has had no opportunity to defend the case at all, let alone control the defense pursuant to its contractual right to do so. Pasadera has refused to report regarding the status of the case, provide any documents pertaining to the case, or permit contact between appointed defense counsel and representatives of Pasadera. Even after filing this action, Vinings has continued to try to uphold its duties under its policies by offering to mediate with all parties and resolve the potentially

covered damages in the underlying arbitration.  Both Vinings and Mr. Hughes agreed to mediate the case with mediator Lee Shidlofsky prior to arbitration.  Consistent with its refusal to cooperate at every turn, Pasadera has flat refused on multiple occasions to participate in any mediation.  In fact, Pasadera instructed Mr. Hughes's counsel not to send a written demand (for the damages to the home including water damage), but instead demanded payment of Pasadera's legal fees.

If this case proceeds to arbitration without Vinings's involvement, the harm to Vinings would be irreparable, and significant.  If Mr. Hughes prevails in the arbitration, Pasadera will demand that Vinings satisfy any arbitration award, as well as pay its attorneys' fees.  The only hope of mitigating such a prejudicial outcome is a pre-arbitration mediation among all parties, an avenue which Pasadera has refused without any legal or practical justification.  Vinings submits that mediation is in the best interest of all parties.

### III.
### ARGUMENTS AND AUTHORITIES

An insurer's contractual "right and duty" to defend as set forth in the policies includes the authority to select counsel and control the defense.  *See N. Cnty. Mut. Ins. Co. v. Davalos*, 140 S.W.3d 685, 688 (Tex. 2004) ("The right to conduct the defense includes the authority to select the attorney who will defend the claim and to make other decisions that would normally be invested in the insured as the named party in the case.").  Mere issuance of a reservation of rights letter does not permit an insured to select its own defense counsel.  *Graper v. Mid-Continent Cas. Co.,* 756 F.3d 388 (5th Cir. 2014).  Under certain narrow circumstances—which this case lacks—an insurer's issuance of a reservation of rights letter gives rise to a conflict of interest sufficient to disqualify the insurer from exercising this authority, entitling the insured to choose its own defense counsel.


covered damages in the underlying arbitration.  Both Vinings and Mr. Hughes agreed to mediate the case with mediator Lee Shidlofsky prior to arbitration.  Consistent with its refusal to cooperate at every turn, Pasadera has flat refused on multiple occasions to participate in any mediation.  In fact, Pasadera instructed Mr. Hughes's counsel not to send a written demand (for the damages to the home including water damage), but instead demanded payment of Pasadera's legal fees.

If this case proceeds to arbitration without Vinings's involvement, the harm to Vinings would be irreparable, and significant.  If Mr. Hughes prevails in the arbitration, Pasadera will demand that Vinings satisfy any arbitration award, as well as pay its attorneys' fees.  The only hope of mitigating such a prejudicial outcome is a pre-arbitration mediation among all parties, an avenue which Pasadera has refused without any legal or practical justification.  Vinings submits that mediation is in the best interest of all parties.

### III.
### ARGUMENTS AND AUTHORITIES

An insurer's contractual "right and duty" to defend as set forth in the policies includes the authority to select counsel and control the defense.  *See N. Cnty. Mut. Ins. Co. v. Davalos*, 140 S.W.3d 685, 688 (Tex. 2004) ("The right to conduct the defense includes the authority to select the attorney who will defend the claim and to make other decisions that would normally be invested in the insured as the named party in the case.").  Mere issuance of a reservation of rights letter does not permit an insured to select its own defense counsel.  *Graper v. Mid-Continent Cas. Co.,* 756 F.3d 388 (5th Cir. 2014).  Under certain narrow circumstances—which this case lacks—an insurer's issuance of a reservation of rights letter gives rise to a conflict of interest sufficient to disqualify the insurer from exercising this authority, entitling the insured to choose its own defense counsel.

Such a "disqualifying conflict" exists <u>only</u> when, as a result of the insurer's reservation of rights, "the facts to be adjudicated in the liability lawsuit are the same facts upon which coverage depends." *Davalos*, 140 S.W.3d at 689; *see Partain v. Mid-Continent Specialty Ins. Serv., Inc.*, 838 F. Supp. 2d 547 (S.D. Tex. 2012) ("In order for a disqualifying interest to exist…it must be apparent that facts upon which coverage depends will be ruled upon judicially in the underlying lawsuit.")  In other words, defense counsel must be tempted to steer the defense outside of coverage.  *See Coats, Rose, Yale, Ryman and Lee, P.C. v. Navigators Specialty Ins. Co.,* 830 F. Supp. 2d 216, 219 (N.D. Tex. 2011) ("[I]f the attorney appointed by the insurance company would have an incentive to act for the insurance company's interest rather than the insured's interest, and therefore deprive the insured of its right to 'independent counsel,' a conflict of interest exists triggering the insured's right to select counsel.")

The suit against Pasadera largely concerns whether Pasadera negligently constructed Mr. Hughes's home.  If the insurance policies between Pasadera and Vinings excluded coverage for Pasadera's negligent conduct, and Vinings reserved its right to disclaim coverage based on whether Pasadera had negligently performed its work, then the "facts to be adjudicated" in the underlying litigation would be equivalent to the "facts upon which coverage depends." Here, no such equivalency exists, as Pasadera's negligence is not a coverage issue between Pasadera and Vinings. *See, e.g., Downhole Navigator, L.L.C. v. Nautilus Ins. Co*., 686 F.3d 325, 328 (5th Cir. 2012).  No such conflict exists here, and Pasadera is unable to satisfy its burden of identifying one.  The only source of "conflict" identified by Pasadera to date is to assume independent defense counsel would take absurd positions regarding liability to support coverage defenses, such as admitting in the arbitration that Pasadera purposefully performed faulty work.  What Pasadera's theory of "conflict" completely ignores is that Pasadera's and Vinings's interests are aligned in minimizing

Pasadera's liability to Mr. Hughes. Each of these phantom "conflict" scenarios involve independent defense counsel hypothetically taking a position in litigation completely adverse to his own client's best interest that would maximize liability. There cannot be an existing disqualifying conflict of interest based on ludicrous hypothetical actions of independent defense counsel. True defense of the case – which independent defense counsel would have offered if permitted to do so – would in no manner offer an affirmative defense or legal position that provides a coverage defense. No liability defense taken by Pasadera proves a coverage exclusion. Thus Vinings has been unjustifiably deprived of its legal and contractual right to control Pasadera's defense. Vinings's last hope of mitigating the extreme prejudice inflicted by Pasadera and its counsel is a mediation in which it may attempt to resolve the underlying arbitration.

Referral to mediation is in keeping with state and federal public policy of encouraging the resolution of disputes and early settlement of pending litigation through voluntary settlement procedures. "There is a long-standing and very strong public policy in this country favoring mediation and settlement, under both federal and state law." *See Ohio Willow Wood Co. v. Thermo-Ply, Inc.*, 769 F. Supp. 2d 1065, 1068-69 (E.D. Tex. 2011); *see also Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 268 (Tex. 1992) ("The public policy of both our state and federal governments favors agreements to resolve legal disputes through such voluntary settlement procedures.") An independent and neutral mediator will provide each litigant with his objective input on the legal positions taken in this case and the underlying legal dispute.

At every stage Vinings attempts to fulfill its obligations under the policies have been thwarted by Pasadera, who undoubtedly will seek satisfaction of any judgment against it from Vinings. Vinings must be afforded an opportunity to resolve potentially covered water damages prior to Pasadera incurring further substantial and unnecessary attorneys' fees in the arbitration.

A pre-arbitration mediation is the only such opportunity remaining given that Vinings has been unjustifiably shut out of the defense for eight months.

## IV.
## PRAYER

FOR THESE REASONS, Vinings asks the Court to:

1. Compel Pasadera to attend mediation and that the Court direct each party or a representative of each party having settlement authority to attend mediation proceedings at the time and place directed by the mediator or the Court;

2. Appoint Lee Shidlofsky, a highly qualified and impartial third party, to serve as the mediator;

3. Direct the parties not to reveal to the Court any matter relating to the mediation, other than informing the Court as to whether the mediation was conducted and whether the parties reached an agreement on all the issues;

4. Require the parties to participate in the mediation in good faith; and

5. Direct each party to pay its own mediation fees and related expenses.

        Respectfully submitted,

        SAVRICK, SCHUMANN, JOHNSON,
        MCGARR, KAMINSKI & SHIRLEY, L.L.P.

By: *Camille Johnson*
        Camille Johnson
        State Bar No. 10686600
        Allison Griswold
        State Bar No. 24074320
        6440 N. Central Expressway, Suite 107
        Dallas, Texas 75206
        Phone: (214) 368-1515
        Fax: (214) 292-9647
        Email: camille@ssjmlaw.com
        Email: allison@ssjmlaw.com

        **ATTORNEYS FOR VININGS INSURANCE COMPANY**

## CERTIFICATE OF CONFERENCE

My office conferred with Stephen Walraven, counsel for Todd Hughes, and Leonard Meyer, counsel for Pasadera Builders, via email on July 5, 16, and 19, 2016 in order to make a reasonable effort to reach an agreement regarding mediation. Counsel for Todd Hughes is unopposed to this motion and counsel for Pasadera Builders is opposed.

_____
Camille Johnson

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of July, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to all counsel of record.

Stephen E. Walraven
745 E. Mulberry, Suite 900
San Antonio, Texas 78212

*ATTORNEY FOR TODD HUGHES*

Colin L. Guy
Leonard J. Meyer
3040 Post Oak Boulevard, Suite 1300
Houston, Texas 77056-6560

*ATTORNEYS FOR PASADERA BUILDERS*

_____
Camille Johnson