UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **VININGS INSURANCE COMPANY** | § | |
| **Plaintiff,** | § | |
| v. | § | CIVIL ACTION NO. 5:16-cv-00445 |
| **TODD HUGHES**, and **PASADERA** | § | |
| **BUILDERS, LP** | § | |
| **Defendants.** | § | |

## Pasadera Builders, LP's Response to Vinings Insurance Company's Opposed Expedited Motion to Compel Pasadera Builders, LP to Attend Agreed Mediation

Defendant Pasadera Builders, LP ("Pasadera") files this Response (the "Response") to Vinings Insurance Company's ("Vinings") Opposed Expedited Motion (the "Motion") to Compel Pasadera Builders, LP to Attend Agreed Mediation, and respectfully requests that this Court deny the Motion for the reasons set forth herein.

### I. INTRODUCTION

1.  Vinings makes misreprestations of fact in their Motion in an apparent attempt to obscure Vinings's unlawful conduct in relation to their obligation to reimburse Pasadera for fees incurred in connection with claims (the "Claims") made by Todd Hughes ("Hughes") against Pasadera. Specifically, through its Motion, Vinings seeks to influence this Court with respect to its reservation of rights letter dated December 21, 2015 (the "ROR Letter") even though such ROR Letter and the resulting conflicts of interests are not related to the issue properly before the Court pursuant to the Motion. As such, Pasadera will not argue the merits of the ROR Letter or the conflicts of interests requiring Vinings to reimburse Pasadera's counsel for fees and costs incurred in connection with the Claims. Instead, this Response will focus on the issue presented

to this Court; whether or not this Court's referral to ADR is suitable and if Pasadera has good cause to oppose mediation.

2. This Court has the authority to approve any ADR method suggested by the parties or which the court believes is suited to the ligation. W.D. Tex. R. CV-88(a). Any ADR must include all parties required to negotiate a settlement, including insurance carriers. *Id.* at CV-88(d). A party may obtain relief from an order for ADR upon a showing of good cause. *Id.* at CV-88(g).

3. The parties have not agreed to mediate and thus this Court is required to conclude that mediation is suitable to order the parties to mediation. For the reasons set forth herein, mediation is not suitable because Vinings, who has minimal knowledge of the Claims, would confuse facts and issues regarding the Claims making mediation a waste of time and money. Even if this Court finds that mediation is suitable, the foreseeable conflict of interests between Pasadera and Vinings that may arise in mediation, in addition to the exigencies of the forthcoming arbitration hearing, provides Pasadera with good cause to obtain relief from an order requiring mediation.

## II. ARGUMENT

4. Mediation is not suitable because Vinings, a required party to any ordered ADR, cannot meaningfully participate in mediation on the Claim. Vinings cannot meaningfully participate because Vinings has minimal knowledge of the Claim and the evidence underlying the Claim which presently involves 23 testifying experts, hundreds of pages of expert reports and deposition testimony and requires interdisciplinary subject matter expertise. Vinings claims in their Motion that they were "completely shut out of any involvement in the arbitration" and further claims that "Pasadera has refused to report the status of the case [and failed to] provide

any documents pertaining to the case." Motion at pg. 3. However, Pasadera made numerous good faith attempts to include Vinings throughout the Claims process from the inception of the RCLA claim process through arbitration. Pasadera, through its attorney, submitted a great many email correspondence to Vinings' adjusters during the Claims process, and correspondence to Vinings' counsel during the arbitration process, that both included documents filed in the arbitration proceeding and offered to provide additional documentation upon request. Two of such emails and one of such pieces of correspondence from Pasadera to Vinings are attached hereto as Exhibits A, B & C. Accordingly, Vinings's claim that they were "shut out," that Pasadera "refused to report," and failed to "provide documents pertaining to the case" is both false and misleading. Regardless of the reason why Vinings has no knowledge of the facts and issues underlying the Claim, Vinings's lack of knowledge regarding the Claim and associated evidence makes mediation not suitable because Vinings, a required party for the mediation, would tend to confuse the facts, circumstances and law regarding the Claim.

5. Vinings's lack of knowledge regarding the Claim is evidenced by Vinings's erroneous account of the facts and theories underling the Claims. Vinings alleges in their Motion that Pasadera continues to "run up hundreds of thousands of dollars in attorneys' fees" in a matter in which "pre-suit fees likely exceed the value of the disputed claim." Motion at pg. 1-2. Had Vinings made a good faith attempt at seeking their involvement with respect to the Claims, as offered by Pasadera, Vinings would have understood the allegations underlying Hughes's Claims. Hughes alleges that he is entitled to recover damages in an amount equaling approximately $2,000.000.00 or more (*See* "Plaintiff's First Amended Original Petition at paragraph 31, Exhibit D hereto), on grounds that a hidden underground spring exists on his property that causes water to permeate through the limestone, concrete foundation and

waterproofing components of his residence, causing his home not to be waterproof, his wood floors to be warped and his home to be worthless. As such, Vinings's proposition that Pasadera is unnecessarily incurring legal fees in excess of the Claim amount is false, misleading and an apparent attempt to downplay the nature of Hughes's Claim in order to satisfy its own interests as it relates to the ROR Letter. Moreover, as applied to the mediation suitability issue, it exhibits that Vinings, a required party to any mediation, would cause confusion regarding the Claims and make settlement at mediation less likely to occur.

6. Vinings also fails to appreciate the significance and impact of Hughes's Claims. Hughes's residence is located in Cordillera Ranch, an 8,700 acre luxury master-planned community in the Texas Hill Country with seven different onsite clubs. If Hughes can prove that his theory that Cordillera Ranch is built on a hidden underground spring that causes water to permeate through the limestone, foundation and other waterproofing components, then Hughes's subsequent arbitration decision in his favor would have lasting impacts for Pasadera, Cordillera Ranch homeowners and Cordillera Ranch club members. Because Hughes's theory of liability is premised on fantasy and supported through the assistance of an unscrupulous expert, Pasadera has and will continue to defend against Hughes's unjustifiable claims until a final arbitration award is issued which we anticipate will be in Pasadera's favor. Vinings's attempt to deem the underlying dispute a matter of mere builder's negligence is just one example of why Vinings and Pasadera have materially different interests in the outcome of the Hughes arbitration, why Vining's direction of representation would present a conflict of interest and why Vinings's proposed mediation would be counterproductive in reaching settlement.

7. Furthermore, Vinings's request for mediation and any subsequent offers made by Vinings to Hughes on his Claims will operate to prejudice Pasadera and thus, Pasadera has good

cause to oppose the mediation. As the arbitration hearing date approaches, Hughes must be increasingly aware that his theory that Cordillera Ranch is built on a hidden underground spring is groundless and unjustified. Given that Hughes is obligated to pay for all of Pasadera's fees and expenses under a prevailing party legal fee provision set forth in the contract between Hughes and Pasadera, and given the alternative statutory and common law bases of Pasadera's counterclaims for recovery of its fees (including the provisions of the Texas DTPA), Hughes should not be encouraged by Pasadera's insurance carrier to settle for a nominal amount compared to his "wish list" when such settlement would not involve payment of Pasadera's significant attorneys' fees and expenses. Further, given that Vinings is posturing to unlawfully refuse to pay Pasadera's legal fees, Vinings may seek to further mitigate liability by attempting to settle on Pasadera's behalf for nominal amounts and not seek to recover any of Pasadera's attorneys' fees and expenses. In short, mediation under these circumstances, including Vinings' belief that Pasadera's legal fees "eclipse" the value of Hughes' damage claims (which though true is certainly not true in Hughes' eyes), will very probably result in a significant waste of time (which as explained below is precious to Pasadera given the approaching arbitration hearing commencement date), and of course the funds expended to attend the mediation process. As such, mediation may operate to prejudice Pasadera and thus Pasadera has good cause to oppose the mediation.

8. Pasadera also has good cause to oppose the mediation because the ten day arbitration hearing is set to commence on August 15th and requiring attendance at mediation by Pasadera's counsel will operate to interfere with Pasadera's ability to fully prepare for the arbitration hearing. Unlike Hughes, who has at least four senior attorneys at his disposal, Pasadera only has one senior attorney and one junior associate working on the matter. By

requiring them to prepare for and attend mediation this close to the arbitration hearing commencement date, the mediation will operate to prejudice Pasadera thus providing Pasadera with good cause to object to the mediation.

9. Vinings's inability to attend mediation without prejudicing Pasadera is foreseeable given Vinings's Motion. Vinings, who is Pasadera's insurer and who allegedly maintains they have the ability to adequately control the representation of Pasadera, makes an admission in their Motion that prejudices Pasadera. This occurs when Vinings claims that "Pasadera did not perform as Mr. Hughes wanted." Motion at pg. 2. If Vinings is able throw their own insured under the bus in their Motion, Pasadera requests that this Court disallow Vinings to continue to foreseeably prejudice Pasadera at mediation.

Respectfully submitted,

ZIMMERMAN, AXELRAD,
MEYER, STERN & WISE, P.C.

By: *//s// Colin L. Guy*
_____
Colin L. Guy
State Bar No. 24083118
3040 Post Oak Boulevard, Suite 1300
Houston, Texas 77056-6560
Telephone: (713) 552-1234
Facsimile: (713) 212-2740
Email: cguy@zimmerlaw.com

ATTORNEY FOR DEFENDANT

# CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing document has been served on counsel identified below in accordance with the Federal Rules of Civil Procedure, on this 1st day of July, 2016.

Camille Johnson
SAVRICK, SCHUMANN, JOHNSON, McGARR, KAMINSKI & SHIRLEY, LLP
6440 N. Central Expressway, Ste. 107
Dallas, Texas 75206
Email: camille@ssimlaw.com

*Attorney for Plaintiff, Vinings Insurance Company*

Stephen E. Walraven
William W. Sommers
Marc A. Stroope
Roy L. White
LANGLEY & BANACK, INC.
745 E. Mullberry, Suite 900
San Antonio, Texas 78212
Email: swalraven@langleybanack.com
       wsommers@langleybanack.com
       mstroope@langleybanack.com
       rwhite@langleybanack.com

                                        *//s// Colin L. Guy*