THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VININGS INSURANCE COMPANY, | § | No. 5-16-CV-445-DAE |
| | § | |
| Plaintiff, | § | |
| vs. | § | |
| | § | |
| | § | |
| TODD HUGHES and PASADERA | § | |
| BUILDERS, LP, | § | |
| | § | |
| | § | |
| Defendants. | § | |

ORDER DENYING PLAINTIFF'S EXPEDITED MOTION TO COMPEL
DEFENDANT PASADERA TO MEDIATION

Before the Court is an Expedited Motion to Compel Defendant Pasadera Builders, LP ("Pasadera") to Mediation, filed by Plaintiff Vinings Insurance Company ("Vinings") (Dkt. # 18).  Pursuant to Local Rule 7(h), the Court finds the matter suitable for disposition without a hearing.  After careful consideration of the memoranda in support of and in opposition to the motion, the Court, for the reasons that follow, **DENIES** Plaintiff's Motion to Compel Mediation (Dkt. # 18).

BACKGROUND

Pasadera is in the business of constructing luxury residential homes. ("Compl.," Dkt. # 1 ¶ 10; Dkt. # 9 ¶ 10; Dkt. # 21, Ex. 4 at 3.)  Vinings, an insurance company, issued two consecutive commercial general liability policies to

1

Pasadera, effective from July 18, 2013 through July 18, 2015.  (Compl. ¶ 8.) According to Vinings, these policies state that in the event of a claim or suit, the insured must "[c]ooperate with [Vinings] in the investigation or settlement of the claim or defense," and may not "voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without [Vinings'] consent."  (Id. ¶ 24.)  The policies further state that Vinings will "pay those sums that the insured becomes legally obligated to pay as damages" to those claims to which the policy applies, and has the "right and duty to defend the insured against any 'suit' seeking damages" covered under the policy.  (Id. ¶ 27).  These payments are limited by certain coverage agreements not before the Court.  (Id.)

      Mr. Hughes contracted with Pasadera to construct a residence at 25 Bella Collina Road in Boerne, Texas; on November 25, 2015, he sued Pasadera in state court in Kendall County, Texas, alleging that the residence suffers from various defects.  (Id. ¶¶ 9, 29; Todd Hughes v. Pasadera Builders, LP, No. 15-559-CCL.)  Pasadera has been represented by private counsel throughout the state court litigation, and the suit has been compelled to arbitration, which is scheduled to commence before the American Arbitration Association on August 15, 2016. (Compl. ¶ 9; Dkt. # 18 at 3.)

      On December 3, 2015, Vinings retained defense counsel David Oubre to represent Pasadera in the arbitration proceedings.  (Compl. ¶ 11; Dkt. # 9 ¶ 11.)

2

On December 21, 2015, Vinings issued a reservation of rights—not currently before the Court—which cited all potentially applicable exclusions affecting Vinings' indemnity obligations and memorialized Vinings' appointment of Mr. Oubre. (Compl. ¶ 12; Dkt. # 9 ¶ 12.) Pasadera's personal counsel determined that Vinings' reservation of rights created a conflict of interest and asserted that under Texas law, this conflict allowed Pasadera to select its own defense counsel. (Compl. ¶ 13; Dkt. # 9 ¶ 16.) Vinings offered Pasadera two additional options for defense firms, which Pasadera rejected. (Compl. ¶¶ 15–17.) Pasadera subsequently sought payment from Vinings for at least $215,626.47 incurred in defense fees. (Id. ¶¶ 15, 17.) Pasadera has allegedly refused to cooperate with Vinings in investigating or defending the arbitration. (Id. ¶ 16.)

Vinings brought suit before this Court seeking declaratory judgment that: (1) Pasadera does not have the right to reject the defense counsel provided by Vinings and select its own counsel (Compl. ¶ 20); (2) Pasadera's failure to cooperate with Vinings amounts to a material breach of the insurance Policy (id. ¶ 21); (3) Vinings has no duty to defend Pasadera in the arbitration proceedings or indemnify Mr. Hughes for the judgment he may obtain in the arbitration (id. ¶ 22); and (4) Vinings has no duty to compensate Pasadera for the costs of obtaining independent defense counsel (id. ¶ 23).

On July 19, 2016, Vinings filed the instant expedited motion to compel Pasadera to attend mediation. (Dkt. # 18.) Pasadera filed a response on July 25, 2016. (Dkt. # 21.) The following day, Pasadera filed a Supplemental Response, without first seeking leave of Court, in an effort to demonstrate that it notified Vinings of the claims set to proceed in arbitration, and gave Vinings an opportunity to settle the claims before the litigation began. (Dkt. # 23.) These documents do not evidence a previous agreement to mediate, and are ultimately irrelevant to the analysis below. Vinings filed a Reply on June 27, 2016. (Dkt. # 24.)

## ANALYSIS

Vinings argues that it will suffer irreparable and significant harm if the case proceeds to arbitration before the parties engage in pre-arbitration mediation, because Pasadera will demand that Vinings satisfy any arbitration award with Mr. Hughes, and will also require Vinings to pay its private attorneys' fees. (Dkt. # 18 at 4.) Further, Vinings states that Mr. Hughes agreed to mediate the case with mediator Lee Shidlofsky before engaging in arbitration. (Dkt. # 18 at 4.) Vinings does not state that Pasadera ever agreed to participate in mediation. Pasadera argues that it should not be compelled to mediation less than three weeks before the commencement of arbitration; it also argues that Vinings does not appreciate the significance of Mr. Hughes' claim in the context of the Cordillera

Ranch community where Pasadera has constructed many luxury homes.  (Dkt. # 21 ¶ 8, 6.)

A court may refer a case to mediation prior to considering any pleading on the merits where the parties previously entered into an agreement to mediate, or where the parties are otherwise required to mediate by law.  See Dickey's Barbeque Restaurants, Inc. v. Mathieu, No. 3:12–cv–5119, 2013 WL 526896, at *5 (N.D. Tex. Sept. 18, 2013) (turning to agreement between parties to determine whether mediation should be required); Barr v. Frannet, LLC, No. 3:07–CV–1222–M, 2008 WL 59295, at *3 (N.D. Tex. Jan. 3, 2008) (referring case to mediation after determining the agreement at issue expressly required certain disputes to be heard by a mediator prior to court proceedings); Woods v. Holy Cross Hosp., 591 F.2d 1164 (5th Cir. 1979) (upholding Florida Statute section 768.44, which requires individuals pursuing a medical malpractice claim to participate in mediation before bringing an action in court).  Pursuant to the local rules, a court may refer a case to mediation or other form of alternative dispute resolution "only with the consent of the parties." W.D. Tex. Civ. R. 88(c).

Vinings cites only one federal case, Ohio Willow Wood Co. v. Thermo-Ply, Inc., in support of its argument that the case should be referred to mediation prior to arbitration.  769 F. Supp. 2d 1065 (E.D. Tex. 2011); (Dkt. # 18 at 6).  However, Ohio Willow addresses Federal Rule of Appellate Procedure 33,

5

which grants <u>appellate</u> courts the authority to compel parties to participate in mediation.  <u>See</u> <u>Ohio Willow</u>, 769 F. Supp. 2d at 1067–69.  Specifically, the case addresses the Federal Circuit's Appellate Mediation Program, particularly with regard to patent litigation.  <u>See id.</u>  These specific rules are inapplicable in this case, which is, at root, a contract suit not currently before a federal appellate court.

Vining has not presented any evidence or argument that a mediation agreement exists between itself and Pasadera, that Pasadera agreed to mediation, or that any relevant law exists that would require the parties to mediate before proceeding to arbitration.  (<u>See</u> Dkt. # 18.)  Further, Vinings' argument focuses on an insurer's contractual right to select counsel and control the defense in litigation against one of its insured.  (<u>Id.</u> at 4–6.)  This argument may potentially form a defense, should Pasadera seek to indemnify an award made to Mr. Hughes during arbitration, or reimbursement of private attorney's fees.  However, these arguments do not support compelling the parties to mediation, where no contractual or legal authority obligates this Court to do so.  Accordingly, Vining's Motion to Compel Mediation is **DENIED**.

CONCLUSION

For the reasons stated above, Vinings has presented nothing to the Court to justify compelling the parties to mediation before arbitration.  Accordingly, its Motion to Compel Mediation is **DENIED** (Dkt. # 18).

**IT IS SO ORDERED.**

**DATED:** July 28, 2016.  San Antonio, Texas.

---
David Alan Ezra
Senior United States Distict Judge